[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIO TO DISMISS
The plaintiff the Smith Richardson Foundation ("SRF"), appeals to this court from an order and decree of the Probate Court approving defendant, The Randolph Foundation's ("TRF"), annual account for the calendar year 1996. TRF has filed a motion to dismiss claiming that SRF lacks standing to appeal the order and decree of the Probate Court. SRF has filed a memorandum in opposition to TRF's motion. By way of background TRF is a charitable trust established under Article Sixth of the last Will and Testament of H. Smith Richardson, deceased. CT Page 2947
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996). "[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v.Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990).
TRF moves to dismiss SRF's appeal to this court for lack of standing on the grounds that SRF is (1) "no more than a future contingent beneficiary with no present legal interest in the Probate Court's decree; (2) even a present beneficiary has no standing; and (3) standing is vested exclusively in the [a]ttorney [g]eneral of Connecticut." TRF's Memorandum Of Law In Support Of Motion To Dismiss, p. 1.
SRF argues that it has standing to bring this appeal on the following grounds. One, SRF has been recognized by the Probate Court as an interested party in the accounting proceeding. SRF's Memorandum In Opposition, p. 4. Two, SRF falls into the `special interest' exception to the general rule that beneficiaries of a charitable trust may not bring an action to enforce the trust. SRF's Memorandum In Opposition, pp. 5-6. Three, the attorney general is not participating, making it imperative that SRF have standing to challenge the administration of the trust. SRF's Memorandum In Opposition, p. 9.
The dispositive issue is that TRF claims that SRF is only one of a number of charitable beneficiaries which TRF has the right to include, consequently lacking standing to appeal the Probate Court order and decree to this court. TRF's Memorandum of Law In Support of Motion To Dismiss, p. 2. Moreover, SRF claims that it is a remainderman under the trust arrangement, thus coming under the ambit of the `special interest' exception and consequently having standing to appeal the Probate Court order and decree to this court. SRF's Reasons For Appeal, p. 2, ¶ 6, SRF's Memorandum In Opposition, p. 6.[1]
CT Page 2948
General Statutes § 3-125 provides in pertinent part that the attorney general "shall represent the public interest in the protection of any gifts, legacies or devises intended for public or charitable purposes. . . ." It would, therefore, seem as if SRF has no standing to challenge TRF's charitable trust on the grounds that SRF is not the attorney general.
Connecticut case law and legal treatises have, however, carved out an exception to this general rule giving the attorney general exclusive standing to enforce charitable trusts. "A suit can be maintained for the enforcement of a charitable trust by the [a]ttorney [g]eneral or other public officer, or by a co-trustee, or by a person who has a special interest in the enforcement of the charitable trust. . . ." (Brackets in original.) Carl J. Herzog Foundation, Inc. v. University ofBridgeport, 243 Conn. 1,8n.4, 699 A.2d 995 (1997), quoting 2 Restatement (Second) Trusts, § 391, p. 278-79 (1959). Moreover, by failing to plead a special interest a party that is not a co-trustee has no standing to appeal a Probate Court order and decree to the Superior Court. See Steeneck v. University ofBridgeport, 235 Conn. 572, 588, 668 A.2d 688 (1995). Here, SRF has alleged enough facts to show a special interest in the administration of the trust. SRF is an alleged remainderman of the TRF trust and as such is distinguished from the class of general beneficiaries under the trust who have no standing to appeal the Probate Court order and decree. Further, the testator intended to treat SRF as a special interest under his will. This is evidenced by the fact that he specifically intended to benefit SRF by executing a codicil to his will on or about March 13, 1970 which gave "SRF the power and authority `to amend any of the provisions of this Article SIXTH as in their judgment may be necessary or desirable to fulfill, to the extent possible, the charitable purposes expressed herein. . . .'" (Emphasis in original.) SRF's Reasons For Appeal, pp. 1-2, ¶ 4.
Our Supreme Court has recently found that "[b]y expressly reserving a property interest such as a right of reverter, the donor of the gift or the settlor of the trust may bring himself and his heirs within the `special interest' exception to the general rule that beneficiaries of charitable trusts may not bring an action to enforce the trust, but rather are represented exclusively by the attorney general. . . ." (Citations omitted.)Carl J. Herzog Foundation v. University of Bridgeport, supra,243 Conn. 1, 9 n. 5. Similarly, H. Smith Richardson, has allegedly CT Page 2949 reserved an interest in the trust for SRF by amending his will through a 1970 codicil that ultimately allowed SRF to become the remainderman under the trust arrangement pursuant to a 1991 amendment. SRF's Reason's For Appeal, p. 2, ¶ 6, TRF's Memorandum Of Law In Support of Motion To Dismiss, p. 3. Under this set of facts it would be absurd to find that SRF does not have a special interest because compared to a right of reverter in someone's heirs, SRF's purpose was ascertainable at the time of the testator's death and consequently could be a reason why the testator amended his will by 1970 codicil that ultimately led to SRF's alleged remainderman status. As such, sufficient facts have been alleged to show that SRF has a special interest and consequent standing to challenge the administration of the trust.
"In order to maintain such an action, the plaintiff must plead sufficient facts to demonstrate that he is entitled to receive a benefit under the trust that is not merely the benefit to which members of the public in general are entitled." (Internal quotation marks omitted.) Homes v. Town of Madison, Superior Court, judicial district of New Haven at New Haven, Docket No. 422334 (October 5, 1998, Levin J.), quoting 4AA. Scott and W. Fratcher, The Law Of Trusts (4th Ed. 1989) § 391, p. 366. Here, members of the general class of beneficiaries were certainly not given the power and authority to amend any of the provisions of Article Sixth nor were they remaindermen under the TRF charitable trust. SRF has a special interest in the TRF charitable trust because the gross mismanagement of trust assets, as alleged by SRF, beyond the scope of the business judgment rule, could have the effect of completely depleting SRF's remainder, something SRF claims clearly violates the testator's intent as evidenced by the 1970 codicil. SRF has, therefore, shown that it has a special interest in the TRF charitable trust consequently having standing to appeal the Probate Court order and decree to the Superior Court.
In addition, the fact that SRF alleges that the attorney general has declined to participate in this action makes SRF's argument in favor of the court finding standing more compelling. See Grabowski v. City of Bristol, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 468889 (June 3, 1997, Holzberg, J.) (considering lack of participation by the attorney general as a factor in determining whether the court has jurisdiction).
Accordingly, the defendant, TRF's motion to dismiss is CT Page 2950 denied.
RODRIGUEZ, J.